IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

YANITZA FELICIANO )
)
v. ) No. 3:14-1449
)
CAROLYN W. COLVIN, )
  Acting Commissioner of )
  Social Security )

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

  Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided by Title II, 42 U.S.C. §§ 416(i) and 423(d), and Title XVI, 42 U.S.C. §§ 1381 *et seq.*, of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 13), to which Defendant has filed a response (Docket Entry No. 17).

  Upon review of the Administrative Record as a whole, the Court recommends that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14) be granted, the decision of the Social Security Administration be reversed, and this matter be remanded for further administrative proceedings consistent with this Report.

# I. INTRODUCTION

In August 2010, Plaintiff protectively filed for DIB and SSI. *See* Transcript of the Administrative Record (Docket Entry No. 11),[1] at 79-80 and 167. She alleged a disability onset date of September 15, 2005.[2] AR 79-80 and 182. Plaintiff asserted that she was unable to work because of back pain, arthritis, carpal tunnel, diabetes, bipolar, and depression. AR 94.

Plaintiff's applications were denied initially and upon reconsideration. AR 90-105. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Renee S. Andrews-Turner on November 9, 2012. AR 34. On January 31, 2013, the ALJ issued a decision unfavorable to Plaintiff. AR 10. On March 17, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, AR 1-6, thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. §§ 405(g) and 1383(c).

# II. THE ALJ'S FINDINGS

The ALJ issued an unfavorable decision on January 31, 2013. AR 10-33. Based upon the record, the ALJ made the following enumerated findings:

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by page number(s).

[2] Although both parties cite to AR 182, a record showing an alleged onset date of September 14, 2005, both parties and the ALJ refer to September 15, 2005, as the alleged onset date, a date which is also shown in the record. AR 79-80. Accordingly, the Court views September 15, 2005, as the alleged onset date.

1.    The claimant meets the insured status requirements of the Social Security Act through September 20, 2009.

2.    The claimant has not engaged in substantial gainful activity since September 15, 2005, the alleged onset date (20 CFR 404.1571 *et seq*. and 416.971 *et seq*.).

3.    The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, bilateral carpal tunnel syndrome, adjustment disorder, and bipolar disorder (20 CFR 404.1520(c) and 416.920(c)).

***

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

***

5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit 6 to 8 hours out of 8 hours; stand and/or walk 2 to 4 hours out of 8 hours; frequently use her hand for reaching including overhead; frequently operate foot controls with either leg; occasionally balance, stoop, and crouch; never climb, kneel, and crawl; could operate a motor vehicle, tolerate occasional exposure to moving mechanical parts, pulmonary irritants, temperature extremes, and vibrations; and never be exposed to unprotected heights. The claimant is able to perform simple tasks, can maintain concentration for two hours at a time during an 8-hour workday, and can adapt to infrequent change.

***

6.    The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

***

7.    The claimant was born on October 20, 1980, was 24 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.    The claimant has a limited (11th grade) education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

                                    ***

11.   The claimant has not been under a "disability" as defined in the Social Security Act from September 15, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 15-27.


## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the Administrative Record.  Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.


## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision.  The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence and (ii) whether the Commissioner made legal errors in the process of reaching the decision.  42 U.S.C. § 405(g).  See Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in

context of Social Security cases); Kyle v. Comm'r Soc. Sec., 609 F.3d 847, 854 (6th Cir. 2010); Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)); Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003); Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process, Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir.1991), and a reviewing court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. See Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (citing Myers v. Richardson, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and final determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). See, e.g., Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 366 (6th Cir. 1984).

## B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d) (1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. See 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), 404.1513(d). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. See Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001); Abbot v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)). First, the claimant must show that he or she is not engaged in "substantial gainful activity" at the time disability benefits are sought. Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he or she suffers from a severe impairment that meets the twelve month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). See also Edwards v. Comm'r of Soc. Sec., 113 Fed. Appx. 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work

experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. Combs v. Comm'r of Soc. Sec., 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such a showing results in an automatic finding of disability that ends the inquiry. See Combs, supra; Blankenship v. Bowen, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render him or her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to their past relevant work. Combs, supra. "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. See 42 U.S.C. §§ 423(d) (2)(B), (5)(B); Foster v. Bowen, 853 F.2d 483, 490 (6th Cir.1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. Cruse, 502 F.3d at 539; Jones, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. Combs, supra.

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (quoting

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997)). See also Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a prima facie case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. Longworth, 402 F.3d at 595. See also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 528 (6th Cir. 1981), cert. denied, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 652 (6th Cir. 2009). See also Tyra v. Sec'y of Health & Human Servs., 896 F.2d 1024, 1028-29 (6th Cir. 1990); Farris v. Sec'y of Health & Human Servs., 773 F.2d 85, 88-89 (6th Cir. 1985); Mowery v. Heckler, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). See also Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a plaintiff's claim at step two of the evaluative process is appropriate in some circumstances).


### C. The ALJ's Five-Step Inquiry for Plaintiff

The ALJ found that Plaintiff met the first two steps, AR 15, but was not presumptively disabled because she did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. AR 16–17. However, the ALJ found that Plaintiff's impairments rendered her unable to perform her past relevant work, AR 26, and, thus

triggered the fifth step of the inquiry. At the fifth step, the ALJ found that Plaintiff's RFC allowed her to perform light work with certain limitations as set out in the ALJ's findings, AR 17-25, and that, considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 26-27.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by: 1) failing to find Plaintiff's cervical impairment to be a severe impairment ; 2) failing to analyze whether Plaintiff's cervical and lumbar impairments meet or equal listing 1.04 under 20 C.F.R. § 404, Subpart P, Appendix I; and 3) not relying upon substantial evidence in making the step five determination because the ALJ posed a hypothetical question to the vocational expert that did not accurately portray her RFC limitations. *See* Docket Entry No. 13-1, at 1. Plaintiff argues that the ALJ committed reversible error at steps 2, 3, and 5 of the evaluation process requiring that the Commissioner's decision should be reversed, or in the alternative, remanded.

The Court addresses Plaintiff's first and third assertions of error first. As set out below, neither of these assertions of error warrants relief. At best, both assertions of error raise only harmless error. However, the Court finds that Plaintiff's second assertion of error has merit and warrants a remand to the ALJ for further proceedings.

### 1. The ALJ's failure to find Plaintiff's cervical impairment to be a severe impairment.

Plaintiff argues that the record contains ample evidence that she suffers from a cervical disorder that should have been deemed a severe impairment by the ALJ at step two of the evaluation

process.  *See* Docket Entry No. 13-1 at 7-8.  Defendant contends that Plaintiff did not allege disability on the basis of a cervical impairment, *see* Docket Entry No. 17 at 5, and that, although there is evidence in the record showing that Plaintiff complained of and received treatment for neck pain, Plaintiff fails to point to evidence in the record that the alleged cervical disorder had any, much less "more than minimal" as the legal standard requires, effect on her ability to work.  *Id*. at 7. Finally, Defendant contends that, because the ALJ found Plaintiff had at least one severe impairment and considered Plaintiff's overall impairments in combination, a remand for the ALJ to identify additional impairments as severe is not necessary.  *Id*. at 8-9.

Plaintiff bears the burden to show that a medically determinable impairment is severe and that it meets the twelve-month durational requirements of the Act.  *See Harley v. Comm'r of Social Sec.*, 485 Fed.App'x 802, 803 (6th Cir. 2012).  A severe impairment is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  *Barnhart v. Thomas*, 540 U.S. 20, 24, 124 S. Ct. 376, 157 L. Ed.2d 333 (2003) (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).[3]  The Sixth Circuit has construed the step two severity evaluation as a "*de minimis* hurdle" in which an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience.  *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).  The goal of the test at step two is to "screen out totally groundless claims."  *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir.1985).

---

[3] Basic work activities are "the abilities and aptitudes necessary to do most jobs," such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; [c]apacities for seeing, hearing, and speaking; [u]nderstanding, carrying out, and remembering simple instructions; [u]se of judgment; [r]esponding appropriately to supervision, co-workers and usual work situations; and [d]ealing with changes in a routine work setting."  20 C.F.R. § 404.1521(b).

The Court agrees with Defendant that Plaintiff did not allege a cervical disorder as a cause of her disability and further agrees that, while Plaintiff has pointed to evidence in the record showing that she suffers from a cervical impairment, she has not pointed to specific evidence in the record showing that her cervical impairment had any effect on her ability to perform basic work activities. However, even if Plaintiff had satisfied her burden at step two, any error by the ALJ in failing to specifically find Plaintiff to have a severe cervical impairment would not require reversal or remand because the ALJ clearly found that Plaintiff had other impairments that were severe. If the ALJ finds that at least one of the claimant's alleged impairments is severe in nature, the claim survives the step two screening process, 20 C.F.R. § 404.1520(a)(4); *Anthony v. Astrue*, 266 Fed.App'x 451, 457 (6th Cir. 2008), and both severe and non-severe impairments are to be considered by the ALJ in the remaining steps of the disability evaluation process. 20 C.F.R. §§ 404.1523 and 404.1545(a)(2). Thus, courts have consistently held that an ALJ does not commit reversible error when the ALJ fails to find that some impairments are severe but finds that other impairments are severe and proceeds with the next step of the evaluation process. *Maziarz v. Sec'y Health & Human Serv.*, 837 F.2d 240, 244 (6th Cir. 1987). *See McGlothin v. Comm'r of Soc. Sec.*, 299 Fed.App'x. 516, 522 (6th Cir. 2008); *Anthony, supra*; *Fisk v. Astrue*, 253 Fed. App'x. 580, 583 (6th Cir. 2007).

In this case, the ALJ found that Plaintiff had four severe impairments, AR 15, and proceeded to the next step of the evaluation process. The lack of a finding that Plaintiff had a severe cervical impairment did not preclude the ALJ from finding other severe impairments, did not result in a conclusion that Plaintiff was not disabled, and did not halt the five step evaluation process. Accordingly, this assertion of error amounts to harmless error and fails to warrant relief.

2. The ALJ's finding that Plaintiff can transition to other work in the national economy lacks substantial evidence.

At step 4 of the evaluation process, the ALJ found that Plaintiff had a "light work" RFC but had several specific limitations, two of which were "tolerate occasional exposure to moving mechanical parts" and "can adapt to infrequent change." AR 17. Plaintiff contends that, when the ALJ posed hypothetical questions to the vocational expert testifying at the administrative hearing regarding jobs that would exist in the national economy for an individual with certain limitations, the ALJ did not correctly refer to these two limitations but instead referred to less restrictive limitations of "frequent exposure to moving mechanical parts" and "can adapt to frequent change in the workplace." AR 64-65. Plaintiff argues that, consequently, the ALJ's step five analysis and finding that Plaintiff can transition to other work is not supported by substantial evidence because the vocational expert's testimony was based on hypothetical limitations that were ultimately not found credible, not supported by the record, and not included in the ALJ's ultimate RFC for Plaintiff. *See* Docket Entry No. 13-1, at 11-12.[4]

Defendant responds by first asserting that no actual inconsistency exists between the ALJ's RFC limitations and the hypothetical question with respect to the ability to adapt to change in the workplace limitation because the alleged error is based upon a mistake in the transcription of the administrative hearing audio, a mistake that was not discovered until the issue was raised in Plaintiff's brief. Defendant asserts that, although the original transcript of the administrative hearing indicated that the ALJ's hypothetical question involved an individual with the ability to adapt to "frequent change," a review of the hearing audio recording revealed that the ALJ actually referenced

_____

[4] Other than the two alleged inaccuracies in the hypothetical questions to the vocational expert, Plaintiff raises no other allegations of error regarding the ALJ's step five decision.

adapting to "infrequent change," which is consistent with the language of the ALJ's RFC finding. A corrected hearing transcript has been submitted reflecting the correct transcription. *See* Docket Entry No. 15. Accordingly, Defendant contends that this issue does not support Plaintiff's allegation of error. The Court agrees with Defendant on this issue.

With respect to the other claimed inconsistency at issue, Defendant acknowledges that the ALJ's hypothetical question contained a less restrictive limitation on exposure to moving mechanical parts than was ultimately included in the ALJ's RFC for Plaintiff. *See* Docket Entry No. 17, at 17. However, Defendant contends that, according to the Dictionary of Occupational Titles ("DOT"), the jobs identified by the vocational expert as those that could be performed by an individual with the limitations posed by the ALJ do not require exposure to moving mechanical parts at all, and thus it would not have altered the expert's findings if the correct limitation of "occasional exposure to moving mechanical parts" had been part of the hypothetical question. *Id*. Defendant argues that, because this inconsistency would not render the ALJ's reliance upon the vocational expert's testimony erroneous, substantial evidence in the record as a whole supports the ALJ's decision, and remand is unnecessary. *Id*. Although not stated as such, Defendant is raising a harmless error argument.

As recently stated by the Sixth Circuit in addressing alleged error by the ALJ based on hypothetical questions posed to a vocational expert:

> [w]hen the Commissioner seeks to rely on the testimony of the [vocational expert] to show the existence of a substantial number of jobs other than past work that the claimant can perform, the testimony must have been given in response to a hypothetical question that accurately portrays the claimant's physical and mental impairments. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513, 516 (6th Cir. 2010). An improper hypothetical cannot serve as substantial evidence. Id. Nevertheless, hypothetical questions must incorporate only the limitations that the

ALJ has accepted as credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

*Smith-Johnson v. Comm'r of Soc. Sec.*, 579 Fed.App'x 426, 436 (6th Cir. 2014). *See Keeton v. Comm'r of Soc. Sec.*, 583 Fed. App'x 515, 533 (6th Cir. 2014). Essentially, the hypothetical question posed to the vocational expert must include an accurate calculation of the claimant's residual functional capacity – i.e., "a description of what the claimant 'can and cannot do.'" *Cooper v. Comm'r of Soc. Sec.*, 217 Fed.App'x 450, 453 (6th Cir. 2007) (quoting *Webb v. Commissioner of Social Security*, 368 F.3d 629, 631 (6th Cir. 2004).

In the instant case, the record shows that the ALJ relied upon the vocational expert's testimony in making the step five determination:

> If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.18. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given, all of these factors the individual would be able to perform the requirements of representative light unskilled/SVP occupations such as: ticket agent [DOT #211.467-018] (40,000 jobs in the national economy and 1,800 jobs in the Tennessee regional economy); food service worker [DOT# 311.472-010] (10,000 national jobs and 650 Tennessee jobs); and inspector [DOT#920.687-054] (100,000 jobs in the nation and 575 jobs in Tennessee), a significant number of jobs.

> Pursuant to Social Security Ruling (SSR) 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles (DOT). Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

AR 26-27. Because the hypothetical question posed by the ALJ inaccurately conveyed Plaintiff's RFC limitation of "occasional exposure to moving mechanical parts," AR 65, Plaintiff's limitations were not fully and accurately conveyed to the vocational expert in the hypothetical. Thus, the ALJ committed error by relying upon the vocational expert's testimony in making the step five decision that Plaintiff was capable of making a successful adjustment to other work. *Ealy*, 594 F.3d at 517. Generally, such error causes the ALJ's conclusion that the claimant can perform other work and is thus not disabled to lack substantial supporting evidence. *Id.*

However, decisions of administrative agencies are nonetheless subject to harmless error review. *See Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). *See also Irvin v. Soc. Sec. Admin.*, 573 Fed.App'x 498, 502 (6th Cir. 2014); *Potter v. Comm'r of Soc. Sec.*, 223 Fed.App'x 458, 463 (6th Cir. May 8, 2007). Accordingly, a reviewing court should not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the alleged error. *Rabbers*, 582 F.3d at 654. Furthermore, the Sixth Circuit has suggested that "where remand would be an idle and useless formality, courts are not required to convert judicial review of agency action into a ping-pong game." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (internal quotations omitted).

The three occupations noted by the vocational expert in response to the ALJ's hypothetical, which were relied upon and included by the ALJ in the step five finding, were ticket agent, food service worker, and inspector. AR 27 and 66. Defendant correctly points out that DOT listings for these three occupations do not require exposure to moving mechanical parts as indicated by the notation "Moving Mech. Parts: Not Present—Activity or condition does not exist." in the

description for each position. *See* DOT Nos. 211.467-018 (Parimutuel—Ticket Cashier), 1991 WL

671850; 311.472-010 (Fast-Foods Worker), 1991 WL 672682; and 920.687-054 (Can Patcher), 1991

WL 687974.[5] Accordingly, the limitation at issue, "tolerate occasional exposure to mechanical

moving parts," was not an excluding limitation for any of the three occupations. Had the ALJ

correctly portrayed this limitation in the hypothetical posed to the vocational expert, the vocational

expert's answer regarding the three occupations would have remained the same.

The record as a whole shows that the ALJ satisfied her burden at step five of the evaluation

process of having substantial evidence to support her finding, and the Court is unable to ascertain

any harm suffered by Plaintiff in connection with the inaccurate hypothetical question. The Court

finds that Plaintiff was not prejudiced on the merits or deprived of a substantial right because of the

alleged error by the ALJ. Plaintiff's allegation of error requiring reversal or remand lacks merit. *See*

*Bennett v. Colvin*, 2015 WL 574631, at *6-7 (E.D. Ky. Feb. 11, 2015) (ALJ's failure to include

limitation in hypothetical question posed to vocational expert was harmless error).


3. The ALJ's failure to analyze whether Plaintiff's cervical and lumbar impairments meet or equal
listing 1.04 under 20 C.F.R. § 404, Subpart P, Appendix I.

Plaintiff contends that, at step three of the evaluation process, the ALJ considered only

whether her mental impairments meet or equal a medical listing under 20 C.F.R. § 404, Subpart P,

Appendix I, and did not analyze or even discuss her physical impairments either for the full period

---

[5] The Court notes that, although both the vocational expert and the ALJ referred to the occupation at DOT# 920.687-054 as "inspector," the DOT listing identifies this occupation as "can patcher." The Court does not find this difference to be significant. The vocational expert's testimony suggests that he used the term "inspector" in a general sense when referring to this specific DOT listing. *See* AR 66 ("And there would be some inspectors. . . . And I'll get the DOT number here, 920.687-054.")

of disability alleged or any part thereof.  AR 16-17.  Plaintiff asserts that the record contains significant evidence relating to her cervical and lumbar impairments that raises a substantial question as to whether these impairments meet or equal listing 1.04 of 20 C.F.R. § 404, Subpart P, Appendix I, which includes a listing for "Disorders of the Spine" that result in "a compromise of a nerve root" or "the spinal cord."[6]  In support, Plaintiff points to records of objective testing which she contends reveal the existence of nerve root compression.  *See* AR 305, 309-315, 317, 319, 328, 333, 335-36, 350, 445, 968-1010, 1018-19, 1026, 1152-96, 1202-06, and 1325-1341.  Plaintiff argues that the ALJ's failure to analyze her cervical and lumbar impairments against Listing .04 constitutes material and reversible error.  *See* Docket Entry No. 13-1 at 8-11.[7]

In response, Defendant argues that the ALJ's entire decision, not just that section addressing step three, can be relied upon for statements supporting the ALJ's step three analysis, *see* Docket Entry No. 17 at 10, and that substantial evidence exists in the record as a whole supporting the ALJ's

---

[6] Although Plaintiff refers to Listing 104 generally, Plaintiff specifically refers to "nerve root compression," which implicates Listing 1.04A

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

[7] Plaintiff does not contend that the ALJ erred by not finding that the severe impairment of bilateral carpal tunnel syndrome meets or equals a listed impairment.  *See* Docket Entry No. 13-1 at 8-11.

finding that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments. *Id*. at 9. Defendant points out that it is Plaintiff, not the Commissioner, who has the burden at step three, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999), and that the medical evidence set forth by Plaintiff fails to show that she meets every requirement for Listing 1.04A for nerve root compression. *Id*. at 14-15.

At the third step, the ALJ must determine whether the claimant's impairment meets or is equivalent in severity to a listed ... disorder." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 653 (6th Cir. 2009). A claimant will be found disabled if her impairment meets or equals one of the listings in the Listing of Impairments. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 Fed. Appx. 488, 491 (6th Cir. 2010). The Listing of Impairments describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). In other words, a claimant who meets the requirements of a Listed Impairment will be deemed conclusively disabled, and entitled to benefits.

The opening paragraph of the ALJ's step three explanation in the instant case states:

> The claimant has not met her burden by presenting specific medical evidence that supports meeting or equaling the degree of severity of a listed impairment. The claimant's impairments have been reviewed under the appropriate sections of the Listing of Impairments and it is concluded her impairments, whether considered individually or in combination, do not meet or equal the level of severity set forth in the Listing of Impairments. Morever, no treating, examining, or other medical source has opined the claimant has an impairment(s) or combination of impairments that meets or equals the severity of a listed impairment.

AR 16. The ALJ then sets out several paragraphs explaining in detail her reasoning regarding Plaintiff's mental impairments and why the mental impairments did not meet or equal a listing. AR 16-17.

Despite specifically finding at step two that Plaintiff's degenerative disc disease of the lumbar spine constituted a severe impairment, and despite discussing in detail why Plaintiff's severe mental impairments did not meet or equal a listed impairment, the ALJ did not provide a specific and detailed analysis of why Plaintiff's physical impairments did not meet or equal a listing. The Court acknowledges that an ALJ's explanation at the third step "need not be elaborate," *Staggs v. Astrue*, 2011 WL 3444014, at \*3 (M.D. Tenn. Aug. 8, 2011) (Nixon, J.), and that the step three analysis is not judged by a "heightened articulation standard" requiring the ALJ to spell out every consideration that went into the step three determination or to discuss every single impairment. *Bledsoe v. Barnhart*, 165 Fed.App'x 408, 411 (6th Cir. 2006). Nonetheless, given that it is the ALJ's duty to compare the medical evidence to the requirements for a listed impairment, the ALJ must provide a decision that is sufficient to allow the Court to engage in meaningful judicial review. *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed.App'x 411, 416 (6th Cir. 2011) (remanding because the ALJ failed to offer any analysis explaining decision that a claimant's severe impairment of "back pain" did not meet or equal a listed impairment at Listing 1.00). Without such a sufficiently explained conclusion, "it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Id. See also Marok v. Astrue*, 2010 WL 2294056, at \*3 (N.D. Ohio June 3, 2010) (collecting cases). As stated by the Sixth Circuit Court of Appeals, the ALJ "should discuss the relevant listing, however, where the record raises 'substantial question as to whether [the

claimant] could qualify as disabled' under a listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 Fed.App'x 426, 432 (6th Cir. 2014) (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir.1990)).

Both parties have pointed to significant medical evidence in the administrative record that each contends supports a conclusion that the medical evidence either does or does not meet or equal Listing 1.04A. Although Defendant argues that the evidence fails to provide a sufficient basis for a finding that Plaintiff can meet her ultimate burden of proving that her physical impairments meets or equals all the requirements of Listing 1.04A, the Court finds that the evidence is conflicting and could be interpreted in favor of Plaintiff regarding the requirements of the listing. "It is the role of the ALJ to resolve conflicts within the evidence." *Baldwin v. Astrue*, 2009 WL 4571850, at *4 (E.D. Ky. Dec.1, 2009) (citing *Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001)). Plaintiff's presentation of substantial items of specific evidence in the record is sufficient to show that a substantial question exists as to whether she can meet or equal the listing and, thus, Plaintiff satisfies her burden of establishing that an ALJ committed reversible error at step three. *See Smith-Johnson*, 579 Fed. App'x. at 432. *But cf. Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (finding ALJ's "sparse" step three analysis was harmless error because claimant failed to set forth evidence that his impairments met or medically equaled in severity any listed impairment). This is not a case in which Plaintiff has complained in only a general sense that the ALJ failed to determine whether her impairments met or equaled unspecified listed impairments or a case in which Plaintiff has only set forth a few pieces of tenuous evidence in support of her argument.

Defendant is correct that the Court can look to other portions of the ALJ's decision to find support for the ALJ's decision that Plaintiff's physical impairments meet or equal a listed impairment. *Staggs*, 2011 WL 3444014, at *4. Certainly, the section of the ALJ's decision

addressing step four of the evaluation process contains a substantial summary and discussion of the Plaintiff's physical impairments. However, that section contains no analysis of why the ALJ did not find Plaintiff's physical impairments did not meet or equal Listing 1.04A. For the Court to make a conclusion as to the step three decision essentially requires the Court to weigh the evidence that is in the record, resolve any conflicting evidence, and substitute it own analysis for an analysis of the ALJ that is not readily apparent from the decision. Rather, the more appropriate course is to "vacate and remand the case for a discussion of the evidence and an explanation of reasoning" that supports the ALJ's determination that Plaintiff's severe physical impairments do not meet or medically equal Listing 1.04A. *Reynolds*, 424 Fed.App'x at 416 (quoting *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000)). *See also Burbridge v. Comm'r of Soc. Sec.*, 572 Fed.App'x 412, 416 (6th Cir. 2014) (relying on *Reynolds* as support for finding remand to ALJ for further findings on step three analysis).

## IV. RECOMMENDATION

For the above stated reasons it is recommended that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 13) be GRANTED and that this case be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for consideration of whether Plaintiff's physical impairments meet or equal Listing 1.04A.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to

appeal the District Court's Order regarding the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

BARBARA D. HOLMES
United States Magistrate Judge